IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 114-065 |
| | * | |
| JACKY RAY BURLEY | * | |

**O R D E R**

Presently before the Court is Defendant's Motion to Effectuate Judgment (doc. 50). Defendant moves this Court to transfer his custody from the Georgia Department of Corrections ("DOC") to the United States Bureau of Prisons ("BOP"). Defendant was sentenced to a term of 235 months, which was to be served concurrently with Defendant's sentence in McDuffie County Superior Court. (Doc. 48.) As Defendant explains, the Court held that Defendant was to be committed to the custody of the BOP, and that judgment was not executed as Defendant remains in the custody of the DOC. The Government responds that Defendant has failed to exhaust his administrative remedies. Santiago-Lugo v. Warden, No. 13-14384, 2015 WL 1936707, at *4 (11th Cir. Apr. 30, 2015).

As a preliminary matter, Defendant makes no mention of exhausting administrative remedies or pursuing any internal

grievance procedure within the DOC. Such a failure alone subjects his motion to denial. See Anderson v. Donald, 261 F. App'x 254, (11th Cir. 2008) ("An inmate incarcerated in a state prison, thus, must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983." (internal quotations omitted) (per curiam). Even if he had exhausted his remedies, however, Defendant presents no law — binding or otherwise — that would support this Court mandating transfer from DOC custody to the BOP. In the absence of any such authority, Defendant has failed to meet his burden for relief. Accordingly, Defendant's motion to effectuate judgment (doc. 50) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of May, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA